IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| YONG L. KIM, on behalf of himself and others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KGI TRADING GA, INC. and DANNY MOON,<br><br>Defendants. | Civil Action No.:<br><br>JURY DEMANDED |

**FLSA COLLECTIVE ACTION COMPLAINT**

Plaintiff YONG L. KIM ("Kim") files this Complaint on behalf of himself and all others similarly situated to him (together, "Plaintiffs"), showing the Court as follows:

**Nature of Claims**

1.  This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b), to recover unpaid minimum wages and overtime wages owed to Kim and all similarly situated persons who are presently or were formerly employed by KGI TRADING GA, INC. (hereinafter referred to as

1

"KGI") and DANNY MOON ("Moon") as Drivers ("Plaintiff Drivers") and Sales Managers ("Sales Managers").

2.     This action challenges Defendants' misclassification of Kim and similarly situated Drivers and Sales Managers as exempt from the overtime provisions of the FLSA. Kim brings this action on behalf of himself and similarly situated Drivers and Sales Managers in the United States who worked for Defendants but were not paid properly in accordance with the FLSA.

3.     During the three year period preceding the filing of this action and continuing to the present (the "Collective Action Period"), Kim and similarly situated Drivers and Sales Managers who opt in to this action pursuant to the FLSA, 29 U.S.C. § 216(b) allege that they were paid in an unlawful manner and are entitled to recover overtime wages, liquidated damages, interest, and reasonable attorneys' fees and costs.

**Parties**

4.     Defendant KGI is a Georgia for-profit corporation that sells and delivers seafood to restaurants.  Its principal place of business is 300 Brogdon Road, #200, Suwanee, Georgia 30024, and it can be served with process through its Registered Agent and President, Defendant Moon, at the same address.

5. Defendant Moon is an individual resident of Georgia, and he is the President and Registered Agent of Defendant KGI. Defendant Moon had the power to hire and fire Plaintiffs, and he supervised and controlled the terms and conditions of their employment. Defendant Moon was responsible for the unlawful pay decisions and practices and other unlawful decisions and practices at issue in this case.

6. Defendants' business activities involve those to which the FLSA applies. Both Defendants' business and Plaintiffs' work for Defendants affected interstate commerce for the relevant time period, in that Defendants bought and sold seafood outside the state of Georgia.

7. Defendants' business is and was an enterprise with sales in excess of $500,000.00 per year.

8. Kim is a resident of the State of Georgia and was employed by Defendants at all times relevant to this action.

## Jurisdiction and Venue

9. This Court has original subject matter jurisdiction over this matter pursuant to 29 U.S.C. § 216(b), as well as 28 U.S.C. §§ 1331.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

**Facts**

11.     Beginning in November 2010, Kim worked for Defendants driving trucks to deliver seafood to Defendants' clients.  The trucks Plaintiff Drivers drove for Defendants weighed 10,000 pounds or less.

12.     Defendants paid their Drivers on a flat-rate basis, paying them $120 to $130 per day of work, regardless of the number of hours worked.

13.     With very few exceptions, Kim and other Drivers worked in excess of 40 hours in each workweek they worked for Defendants.  Kim often worked 70 hours per week or more when he was a Driver.

14.     In October 2013, Defendants transferred Kim to Orlando, Florida and changed his title to "Sales Manager."

15.     Defendants also began paying Kim on a salary basis, at a rate of $50,000.00 per year.

16.     From October 2013 to May 2014, Defendants still did not have a Florida warehouse, and Kim continued working for Defendants as a Driver, delivering product to customers. He also performed other duties for Defendants, including receipt of product from Georgia, loading of product onto trucks, meeting with customers to take orders, and attempting to get new customers.

17. In May 2014, after the warehouse was open, Kim began working out of the warehouse, but he still performed multiple responsibilities for Defendants.

18. The duties and responsibilities Kim, Plaintiff Drivers, and Plaintiff Sales Managers performed for Defendants did not meet any of the exemptions from the overtime provisions of the FLSA.

19. Although Plaintiff Sales Managers had the title "Sales Manager," they did not manage other employees, did not have discretion as to how to perform their jobs, did not have authority to hire, fire or discipline other employees, and did not serve Defendants in a straight sales role.

20. Defendants also required their employees to falsify time sheets to make it appear that they worked fewer hours than they actually did.

21. Defendants never paid Kim and the other Plaintiffs at a rate of time and one-half for the hours they worked in excess of 40 in a workweek.

22. Defendants did not properly maintain their payroll records as required under the FLSA.

## COUNT ONE: FLSA VIOLATIONS

23. Kim incorporates paragraphs 1-22 of this Complaint into this Count.

24. Defendants required Plaintiffs to work, and Plaintiffs indeed did work, in excess of forty (40) hours per week.

25. Pursuant to the FLSA, 29 U.S.C. § 207, and the implementing regulations, Plaintiffs' duties and responsibilities for Defendants are and were such that they should be and should have been classified as nonexempt from the overtime provisions of the FLSA.

26. Plaintiffs were entitled to be paid at a rate of one and one-half times their regular rate for all time worked in excess of forty (40) hours in each individual workweek.

27. Defendants further were required under the FLSA to maintain truthful and accurate records relating to the hours worked and wages paid to Plaintiffs.

28. Defendants failed to meet their requirements under the FLSA to pay overtime to Plaintiffs and to maintain records as mandated by the FLSA.

29. Defendants' violations of the FLSA were intentional and willful, and Defendants did not make good faith efforts to comply with the FLSA.

30. As a result of Defendant's unlawful acts, Plaintiffs are entitled to an award of unpaid overtime and wages in an amount to be determined at trial, and they are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorney's fees, costs of litigation, and other relief.

## PRAYER FOR RELIEF

WHEREFORE, Kim respectfully prays that this Court grant the following relief:

a.    A trial by jury;

b.    Certification of this action as a collective action on behalf of Kim and all those similarly situated to him;

c.    An award of past due overtime for Plaintiffs, together with interest thereon;

d.    An award of liquidated damages for Plaintiffs, together with interest thereon;

e.    A permanent injunction against Defendants, prohibiting Defendants from further acting in violation of the FLSA;

f.    An award of Plaintiffs' reasonable attorneys' fees and expenses of litigation;

g.    An award of prejudgment interest and costs; and

h.    Any and other such further relief that this Court or the Finder of Fact deems equitable and just.

Respectfully submitted this 23rd day of June, 2016.

/s/ Brian G. Kim *by AST with express permission*
Brian G. Kim
Georgia Bar No. 479330

LEON AND KIM, LLC
1815 Satellite Blvd. #303
Duluth, GA 30097
Tel: (678) 878-4200
Fax: (678) 878-4208
brian@leonandkim.com


/s/ Amanda S. Thomspon
Amanda S. Thompson
Georgia Bar No. 622854

Salter Thompson Law, P.C.
2860 Piedmont Road NE, Suite 215
Atlanta, Georgia 30305
Tel:  (404) 247-0107
Fax:  (404) 920-4342
amanda@stlaborlaw.com

ATTORNEYS FOR PLAINTIFF YONG L. KIM