## FULL RELEASE AGREEMENT AND SETTLEMENT OF ALL CLAIMS

This Full Release Agreement and Settlement of All Claims ("Release Agreement") is made by and between <u>Plaintiff Yong L. Kim ("Kim" or "Plaintiff")</u> and <u>Defendants KGI Trading Ga, INC., KGI Trading FL, Inc., and Danny Moon</u> together with their subsidiary entities, its past and present parent and subsidiary companies, directors, officers, managers, Plaintiffs, shareholders, owners, agents, and surviving entities, by reason of any merger or acquisition (hereinafter "the Company" or "Defendants") (collectively referred to as "the Parties") in order to settle fully and finally any differences between them, including, but in no way limited to, any differences that might have arisen out of Plaintiff's employment relationship with the Company, the termination thereof.

**WHEREAS**, on June 23, 2016, Plaintiff filed a Complaint in the United States District Court for the Northern District of Georgia, Atlanta Division, alleging claims arising under the Fair Labor Standards Act; and,

**WHEREAS**, Defendants deny any and all liability whatsoever to Plaintiff and make no concession as to the validity of the claims asserted in the Complaint; and,

**WHEREAS**, Plaintiff and Defendants desire to resolve fully and finally any and all claims and/or disputes arising from or relating to the Complaint, in an amicable manner without the uncertainties and expenses involved in further litigation; and,

**WHEREAS**, Plaintiff and Defendants, with assistance of counsel, have reached a complete resolution in full and without compromise intended to finally resolve their dispute; and,

**WHEREAS**, Plaintiff and Defendants desire that said resolution be reduced to writing and set forth herein;

**NOW, THEREFORE**, in consideration of the premises and promises contained herein, and in an effort to buy peace, resolve disputed claims and to finally resolve all issues between Plaintiff and Defendants, the Parties agree as follows:

1.      <u>Consideration</u>.  Plaintiff acknowledges and agrees that: (i) he has been represented by counsel from the filing of his lawsuit against the Company; and (ii) that the amount of consideration provided for under this Release Agreement reflects a reasonable compromise over all issues in dispute, such as FLSA coverage, the amount of alleged overtime worked, and the computation of alleged unpaid back wages or other damages owed, and attorney's fees and costs. Thus, in consideration for Plaintiff's full execution of this Release Agreement, dismissal of the Lawsuit, with prejudice, and adherence to the promises made herein, the Company agrees to pay Plaintiff the gross sum of Twenty Eight Thousand Dollars and Zero Cents ($28,000.00).  The Company understands that Plaintiff seeks to allocate the consideration paid under this Release Agreement as described below:

a.      To Plaintiff, in the amount of $7,000.00, less all required federal and state withholdings, representing back wages (IRS Form W-2 to be issued to Plaintiff in connection with said payment).  Payments to be made pursuant to Paragraph 2 herein;

b.      To Plaintiff, in the amount of $7,000.00, in lieu of any and all other forms of damages and other monetary and non-monetary relief, including, but not limited to, liquidated damages, other past and future pecuniary losses, compensatory and punitive damages, and pre- and post-judgment interest (IRS Form 1099 to be issued to Plaintiff following receipt by Defendants of IRS Form W-9 representing that Plaintiff is not subject to back-up withholding).  Payments to be made pursuant to Paragraph 2 herein; and

c.      To Plaintiff's attorney, Brian Kim, PC, in the amount of $14,000.00, for attorney fees, costs, and other expenses of litigation (IRS Form 1099 to be issued to Plaintiff's attorney following receipt by Defendants of IRS Form W-9 representing that Plaintiff's attorney are not subject to backup withholding). Payments to be made pursuant to Paragraph 2 herein.

All checks and subsequent tax forms shall be sent to the following address:

Brian Kim PC
Attn: Brian Kim, Esq.
1815 Satellite Blvd. Suite 303
Duluth, Georgia  30097

Except for the payments noted in Paragraph 1 of this Release Agreement, Plaintiff acknowledges that no other payments, bonuses, or benefits will be made by Company to Plaintiff; and that he has no entitlement to, or any right to make any claim for, any additional consideration, payments, commissions, bonuses, or benefits by Company of any kind whatsoever, including, but not limited to additional attorney's fees or costs.

2.      Settlement Approval. Plaintiff also covenants and agrees that this Agreement will not be final until the Court approves the dismissal of the case pursuant to the JOINT STIPULATION OF DISMISSAL WITH PREJUDICE, which Plaintiff's attorney will cause to be filed following the execution of this agreement.  The Parties agree that the Company shall not be required to transmit the payments required under Paragraph 1of this Release Agreement unless or until the District Court approves the Parties' settlement.  If the Parties are unable to obtain the District Court's approval after their best effort at renegotiating and obtaining approval of any terms or conditions that the District Court has previously rejected, the Release Agreement's terms, conditions and provisions and any payment due hereunder are null and void.

3.      Terms of Payments.   The payments described in Paragraph 1 will be paid in three (3) monthly installments beginning 5 business days after the Court's approval of the settlement and entry of dismissal.  The remaining two (2) payment installments to be paid every 30 calendar days thereafter.

4.      Tax Consequences. Parties understand and acknowledge that the allocation of the settlement as set forth in Paragraph 1 of this Release Agreement was agreed upon following arms-

length negotiations, and was based upon the Plaintiff's analysis of the claims, defenses and potential remedies involved, with assistance of her counsel. Plaintiff agrees that the Company is not liable for the payment of any tax assessed against Plaintiff in connection with this settlement. Rather, Plaintiff agrees that any such tax shall be his sole responsibility. Plaintiff further agrees that, in the event that any tax, penalty or liability of any kind is assessed against or incurred by the Company by reason of the payments described in Paragraph 2, Plaintiff fully and completely indemnifies and holds harmless the Company for any additional tax, penalty or liability assessed. Nothing contained herein shall be construed or relied upon as any advice or opinion by or on behalf of the Company regarding the tax treatment of the payments described in Paragraph 1 of this Release Agreement, and Plaintiff hereby expressly acknowledges that he will rely solely on her own accountant, attorney, or advisor for such advice or opinion.

5.    <u>Full Release and Waiver of All Claims</u>:  Whereas Plaintiff desires to settle and waive, all rights to, any claims, causes of action, liabilities, counterclaims, or demands that he may have against any of the Company; and to avoid the expense, inconvenience, and distraction of litigation; and desire to forever put to rest all matters and issues, whether known or unknown, which are, or might be in controversy between and among Company and Plaintiff; the Parties agree as follows:

a.    <u>Released Claims</u>: Plaintiff irrevocably and unconditionally fully and finally releases, acquits and forever discharges all the claims described herein that he may now have against the Company, except that he is not releasing any claim that relates to: (1) his right to enforce this Release Agreement; (2) any rights or claims that arise after the execution of this Release Agreement; or (3) any rights or claims that he cannot lawfully release.  Subject only to the exceptions just noted, Plaintiff is releasing any and all claims, demands, actions, causes of action, liabilities, debts, losses, costs, expenses, or proceedings of every kind and nature, whether direct, contingent, or otherwise, known or unknown, past, present, or future, suspected or unsuspected, accrued or unaccrued, whether in law, equity, or otherwise, and whether in contract, warranty, tort, strict liability, or otherwise, which he now has, may have had at any time in the past, or may have at any time in the future arising or resulting from, or in any matter incidental to, any and every matter, thing, or event occurring or failing to occur at any time in the past up to and including the date of this Release Agreement.  Plaintiff understands that the claims he is releasing might arise under many different laws, assuming they apply to him, (including statutes, regulations, other administrative guidance, and common law doctrines), such as, but not limited to, the following:

i.    <u>Fair Labor Standards Act</u>: This Release Agreement specifically forever fully releases and discharges the Released Parties from any and all claims arising under the Fair Labor Standards Act, 29 U.S.C. §201 et seq., which were or which could have been asserted in the lawsuit, including claims for unpaid wages, overtime wages, damages, liquidated damages, expenses incurred, litigation expenses, court costs, attorneys' fees, and any and all other damages or statutory sums whatsoever, known or unknown, compensatory or punitive.

6.      <u>Agreement Not to Disparage, Disclose Claims, or Encourage Claims Against the Released Parties</u>.  Plaintiff agrees that he will not make any statements, written or verbal, that are directly or indirectly derogatory or disparaging, in any manner whatsoever, concerning the Company or any of the Released Parties including, but not limited to: (a) negative comments about the Released Parties' working conditions or employment practices, policies, procedures; (b) negative comments about the business practices or ethics of the Released Parties;  or (c) negative comments about any officers, directors or other Plaintiffs of the Released Parties.  Plaintiff further agrees not to encourage others to file claims against the Released Parties.  It will not be a violation of this paragraph for Plaintiff to make truthful statements under oath as required by law or formal legal process.

7.      <u>Remedy for Breach</u>.  Plaintiff acknowledges and agrees that the commitments and obligations required of his in this Release Agreement are material terms of this Release Agreement, and accordingly, that any breach by Plaintiff of these provisions shall constitute a material breach of the Release Agreement.  Plaintiff agrees to indemnify and hold the Company harmless from and against any and all loss, cost, damage or expense, including, without limitation, attorneys' fees, incurred by the Company and arising out of any breach of this Release Agreement by Plaintiff.

8.      <u>No Liens on or Assignment of Claims</u>.  Plaintiff represents and warrants that there are no liens on the potential claims he has asserted or which could have been pursued by Plaintiff.  Plaintiff further represents and warrants that he is the sole owner of and has not sold, pledged, assigned, granted, or otherwise transferred the potential claims that could have been pursued by Plaintiff against the Company.

9.      <u>No Waiver</u>.  No waiver of any term or condition contained in this Release Agreement shall be effective unless made or confirmed in writing by the person or entity alleged to have waived the right.  Unless that writing expressly states otherwise, no such waiver shall be construed as a waiver of a subsequent breach or failure of the same term or condition or a waiver of any other term or condition contained in this Release Agreement.

10.     <u>Amendment</u>. Plaintiff agrees that this Release Agreement may not be released, discharged, abandoned, supplemented, changed, or modified in any manner, except by an instrument in writing signed by Plaintiff and the Company expressly stating that such instrument is intended as a release, discharge, modification, amendment or waiver of the obligations herein.

11.     <u>Governing Law</u>.  This Release Agreement shall in all respects be interpreted, enforced, and governed under the laws of the State of Georgia.

12.     <u>Counterparts</u>.  This Release Agreement may be executed in two or more counterparts, each of which shall be deemed an original, but all of which shall constitute one and the same instrument. E-mail signatures shall be deemed to be original signatures, shall bind the parties and shall constitute effective execution of this Release Agreement.

13.     <u>Entire Agreement</u>. This Release Agreement sets forth the entire agreement between the Parties, and fully supersedes any and all prior agreements or understandings between them

pertaining to the subject matter of this Release Agreement.  It is agreed that this Release Agreement may be modified only by a subsequent written agreement executed by both Parties.

14.    <u>Severability</u>.  Should any portion of this Release Agreement be declared or be determined to be illegal, invalid, or unenforceable, the validity of the remaining parts, terms, or provisions shall not be affected thereby and said illegal, invalid, or unenforceable part, term, or provision shall be deemed not to be a part of this Release Agreement.

15.    <u>Opportunity for Review</u>. Plaintiff represents and acknowledges that he has carefully read and understand all of the provisions of this Release Agreement, and that he is knowingly and voluntarily entering into this Release Agreement, and has not been forced or pressured in any way to sign it.  Plaintiff represents and acknowledges that he has been advised in writing to, and has been afforded the right and opportunity to, consult with an attorney and have, in fact, consulted with his attorney prior to executing this Release Agreement.  This Release Agreement does not waive any rights or claims that may arise from events occurring after Plaintiff signs this Release Agreement.

**IN WITNESS WHEREOF** the Parties have voluntarily executed this Release Agreement. By executing this Release Agreement, each Party stipulates, agrees, and warrants as follows:

(i)    that the terms of this Release Agreement are reasonable;

(ii)    that the person executing this Release Agreement has carefully read and understands all of the provisions of this Release Agreement and is voluntarily entering into this Release Agreement;

(iii)    that the person executing this Release Agreement will not challenge or contest in any way the capacity or authority of any party hereto to enter into this Release Agreement; and

(iv)    that the person executing this Release Agreement has the necessary and appropriate authority and capacity to execute this Release Agreement and to make this Release Agreement fully binding upon and enforceable against herself or the entity she represents.

**PLEASE READ CAREFULLY.  THIS RELEASE AGREEMENT INCLUDES A WAIVER AND GENERAL RELEASE OF ALL KNOWN AND UNKNOWN CLAIMS.**

_____

**YONG L. KIM**

DATE:   _____

**KGI TRADING GA, INC.**

**KGI TRADING FL, INC.**

**DANNY MOON**

BY:   _____

TITLE: _____

DATE: _____